PAUL CLOLERY, AGENT, PLAINTIFF–APPELLANT, v. CHRIS-
TOPHER CARMECI, MUNICIPAL CLERK, TOWNSHIP OF
NORTH BERGEN, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued October 7, 1980—Decided October 7, 1980.

Before Judges ALLCORN, MICHELS and MILMED.

*Thomas A. DeClemente* argued the cause for appellant.

*Stephen J. Moses* argued the cause for respondent.

The opinion of the court was delivered by

MILMED, J. A. D.

In this election matter plaintiff charges in essence that the holding of a recall election for the recall of certain commissioners of the Township of North Bergen on general election day, November 4, 1980, as authorized by the Law Division,[1] would violate provisions of the governing statute, *viz.*, *N.J.S.A.* 40:75–31, deprive certain eligible voters of "their right of selection [of] public officials for their own municipality," and otherwise result in confusion for the voters. He asks that we advance the recall election date one week, *i. e.*, to October 28.

*N.J.S.A.* 40:75–31, part of the statutory machinery regulating the recall of commissioners in municipalities having a commission form of government, provides:

> The [municipal] clerk shall fix a day for holding the recall election which, if convenient, shall be a Tuesday falling between the thirtieth and fortieth days after the date of the certificate of notice provided for in section 40:75–29 of this title.

> The municipal clerk and the board of commissioners shall make or cause to be made all arrangements for holding the recall election and shall provide all necessary funds therefor, and the commissioners may raise funds necessary for this purpose in any convenient manner.

---

[1] It appears that at a hearing in the Law Division to determine the validity of the petitions for the recall of the township mayor and another of the commissioners, the trial judge found that the petitions contained sufficient valid signatures and directed the municipal clerk to set a date for the recall election. On September 22, 1980 the clerk prepared a certificate of notice for the recall, see *N.J.S.A.* 40:75–29, setting November 4 as the date for the recall election. On September 23 the trial judge affirmed the certificate. Plaintiff appeals from that determination. At oral argument of this appeal counsel for plaintiff–appellant submitted to the court copies of a "final judgment" in the matter filed September 29, 1980.

Plaintiff contends that in calling for the recall election to be held on the forty–third day after the date of the certificate of notice, defendant, the municipal clerk, exceeded the authority conferred upon him by the statute and that, accordingly, the trial judge's approval of the date set must be set aside. We disagree.

In view of the proximity of the date of the certificate of notice to the general election day, we are satisfied that considerations of both convenience in terms of administrative machinery and convenience for the voting public properly dictate the scheduling of the recall election on the general election date, *viz.*, November 4. We also note that another section of the statutes governing recall elections in municipalities having a commission form of government, *N.J.S.A.* 40:75–45, provides that

> In order to more fully carry out the spirit of this article and to prevent the failure of the recall election by reason of any conflict of laws, inadequacy of law, dispute, misunderstandings, or other cause, the Superior Court assignment judge of the county in which the municipality is located shall have power upon an application by the agent, municipal clerk, incumbent or nominee, to make any order or regulation which in his judgment is necessary or convenient to enable a fair and impartial recall election to be held and such order or regulation shall be final.

> Such applications shall be heard in a summary manner and without notice. On the day of the recall election the said assignment judge shall attend in some public place in the municipality, and then and there make any such additional order as may be necessary to carry out the recall election.

There accordingly is ample authority for disposition of any administrative problems and elimination of confusion in the conduct of the recall election.

Affirmed.